[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
This action was brought by the plaintiff, Patrick Begos. Rowayton Beach Association has been added as a party plaintiff. The plaintiffs are seeking to enforce a restrictive covenant CT Page 5235 found in the defendant, Felix Lemone, Jr.'s, deed. The subject deed restricts the defendant from building a structure on his lot without approval by the original grantor, Ralph Case. The plaintiff alleges that "with respect to all lots designated on the [grantor's map] (and certainly with respect to [the plaintiff's and defendant's lot]), Case adopted a general scheme for the improvement of the land he owned, dividing it into lots, and conveying these lots with uniform restrictions as to the purposes for which the land may be used."
The defendant has filed a motion to dismiss against the plaintiff Begos, based on a lack of standing. The defendant argues that because Case previously assigned all of his rights regarding the subdivided property to the plaintiff Association, the plaintiff Begos "does not have any legal or equitable right to assert any interest under the covenant."
"[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656,674 A.2d 821 (1996).
"Where there are uniform covenants contained in deeds executed by the owner of property who is dividing his property into building lots under a general development scheme . . . any grantee under a general or uniform development scheme may enforce the restrictions against any other grantee. . . . The doctrine of the enforceability of uniform restrictive covenants is of equitable origin. The equity springs from the presumption that each purchaser has paid a premium for the property in reliance on the uniform development plan being carried out. While that purchaser is bound by and observes the covenant, it would be inequitable to allow any other landowner who is also subject to the same restriction to violate it." Mannweiler v. Laflamme,46 Conn. App. 525, 535-36, 700 A.2d 57, cert. denied, 243 Conn. 934,702 A.2d 641-42 (1997).
In the present case, Case subdivided a large parcel of land incorporating a general development scheme into each deed. The plaintiff Begos and the defendant Lemone are each grantees under this scheme. Therefore, Begos may maintain an action to enforce the restrictive covenant against Lemone.
The defendant cites Pulver v. Mascolo, 155 Conn. 644,237 A.2d 97, as support for the proposition that "the rights of a CT Page 5236 restrictive covenant" are limited to "the grantor, his heirs or assigns. . . ." This is not the holding of the Pulver court.Pulver involved a restrictive covenant similar to that which is at issue here. The court there stated: "We are of the opinion that both the, language of the restriction and reason compel the conclusion that the right of approval was intended to be exercised only by the grantor, his heirs, or assigns. A contrary construction would place an extremely onerous burden on each lot owner in the development, for no grantee could build without the approval, as to location and design, of every other grantee; if one grantee has a right of approval, all have it. It seems to us highly unlikely that the common grantor could have intended by implication to give this power of approval, which involves matters of personal taste and discretion, to each of the grantees in the development. Unless all the other lot owners were in agreement on the matter of location and design — which would be highly unlikely — a lot owner would be unable to erect a structure on his land." Emphasis added. Id., 652. In short, thePulver decision stands for the proposition that the right of approval found in the type of covenant at issue in that case (and here), remains with the grantor and his heirs. The Pulver
decision does not address the right of a fellow grantee to enforce the particular covenant requiring such approval.
The defendant's motion to dismiss is denied.
So Ordered.
D'ANDREA, J.